[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action seeking a dissolution of marriage and other relief was returned to this court on March 10, 1998 and was assigned for trial on September 25, 1998, when the parties appeared and were fully heard. Based upon the relevant, credible and admissible evidence presented, the following constitute the findings of fact and conclusions of law with respect to this cause of action.
The plaintiff, Maryann Fox, whose maiden name was Maryann Cosker, and the defendant intermarried on December 5, 1981 at Guilford, Connecticut. The plaintiff has resided continuously in this state for more than one year next before the date of this Complaint.
There are three minor children born to the plaintiff since the date of the marriage to wit: Kelley E. Fox born September 27, 1981, Laurel A. Fox born December 1, 1985 and Craig R. Fox born October 28, 1987. No other minor children have been born to the plaintiff since the date of the marriage. The first minor child aforementioned, who was born on September 27, 1981, prior to the marriage of the parties, is issue of this marriage since the CT Page 12497 natural parents, the plaintiff and the defendant subsequently intermarried.
During the early years of the marriage the plaintiff at the request of the defendant ceased her employment and remained at home to take care of the minor children. She had previously been employed during her relationship with the defendant both before and after their marriage. It was contemplated at the time that the defendant would provide to her ample funds to satisfy the needs of the home and her personal needs. Over the years the court concludes that the plaintiff was provided inadequate funds and that part of the bargain was never reasonably fulfilled by the defendant.
In 1987, the plaintiff received an inheritance of approximately $13,000.00, and she turned $10,000.00 of this to the defendant. In 1990 she attempted to withdrawal some of these funds and learned that the defendant had transferred them to his own name and thus they were not available to her.
The unwillingness of the defendant to provide a reasonable sum of money to the plaintiff to take care of her needs and the needs of the children caused her to incur substantial credit card debt in order to meet these needs, including money for repairs of the home and a new refrigerator.
The court concludes from this and other evidence that the defendants actions are the substantial cause of the breakdown of the marriage.
The plaintiff has returned to gainful employment as indicated on her financial affidavit, but over the years has acquired no pension plan or other retirement asset as a consequence of her being at home to care for the children. The earning capacity of the defendant remains superior to that of the plaintiff and it is anticipated that this will remain the situation in the years to come.
All the right, title and interest into the residential premises of the parties in Deep River, Connecticut is set over and assigned to the defendant who shall become charged with responsibility for payment of the outstanding mortgages and any other liens against said property and hold the plaintiff harmless in connection therewith. Concurrent with said transfer, the defendant shall pay to the plaintiff the sum of $50,000.00 as her CT Page 12498 allocated share of equity of the said premises.
The court orders the execution of a Qualified Domestic Relations Order in which $30,000.00 of the 401 k plan of the defendant be set over and assigned to the plaintiff to be hers absolutely.
Of the approximate $24,000.00 in credit card debt standing in the plaintiff's name, the defendant is ordered to pay to her one-third of said sum or $8,000.00, payable at the time of transfer of the real estate.
The defendant shall pay to the plaintiff the sum of $100.00 per week as alimony for a period of six years from the date of this memorandum.
The defendant is further ordered to maintain the minor children as beneficiaries of his medical insurance plan and each of the parties shall pay one-half of any unreimbursed reasonable health expenses incurred on behalf of the minor children.
Joint custody of the remaining two minor children is awarded to the parties, the primary residence of said children Laurel and Craig shall be with their mother the plaintiff herein. The defendant is ordered to pay to the plaintiff the sum of $105.50 as support for the minor children.
The plaintiff is permitted to resume the use of her maiden name, Maryann Cosker.
It is so ordered.
HIGGINS, J.